[657 NYS2d 90]

In the Matter of JULES MARTIN MENCHER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 5, 1997

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset *(Muriel L. Gennosa* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The petition, verified on July 8, 1996, contains two charges of professional misconduct against the respondent. After hearings conducted on August 15 and November 7, 1996, at which the respondent appeared, the Special Referee sustained only Charge One. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has neither cross-moved nor submitted any papers in opposition thereto.

Charge One alleged that the respondent failed to properly respond to a complaint filed against him with the Grievance Committee by his client, Michele G. Epstein, which concerned the alleged neglect of an unemployment compensation matter, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

On February 21, 1996, the Grievance Committee forwarded the complaint of Michele G. Epstein to the Grievance Committee of the Nassau County Bar Association (hereinafter NCBAGC). By letter dated February 23, 1996, the NCBAGC opened the complaint and forwarded a copy of it to the respondent with a request for his reply within 10 days. No response was received.

The NCBAGC left a telephone message for the respondent on March 18, 1996. On March 19, the respondent advised that he would get his response out as soon as possible. No response was received by the NCBAGC. The NCBAGC made two further telephone calls to the respondent's office on March 26 and April 2, 1996, and left messages on each date. No response was received.

By letter dated April 3, 1996, sent via certified mail, the NCBAGC again requested the respondent's written response to the complaint within seven days. The letter advised that the matter would be referred back to the Grievance Committee for the Tenth Judicial District if the respondent failed to reply. The respondent again failed to reply.

The NCBAGC made four additional telephone calls to the respondent on April 10, April 11, April 15, and April 17, 1996, and left messages on each occasion. No response was received from the respondent. The complaint was referred back to the petitioner by letter dated April 19, 1996.

By letter dated April 23, 1996, sent via certified mail, the petitioner forwarded the complaint to the respondent with a request that he submit a written answer within 10 days, includ-

ing an explanation of his failure to cooperate with the NCBAGC. The respondent still failed to comply.

By letter dated May 20, 1996, sent via certified mail, the petitioner informed the respondent that it was required to promptly move to suspend an attorney who fails to cooperate with an investigation of allegations of professional misconduct. The petitioner advised the respondent that if his written response was not received by May 28, 1996, together with an explanation of his failure to cooperate, a motion for his interim suspension would follow. No response was received from the respondent.

In his verified answer, the respondent admitted that he failed to cooperate with the petitioner.

Based on the respondent's admission and the evidence adduced at the hearing, the Special Referee properly sustained Charge One. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining the appropriate measure of discipline to impose, we have considered the mitigation evidence offered by the respondent, including the fact that he was depressed by the death of his father. We note that the respondent has already received three Letters of Admonition, *inter alia,* for failing to cooperate with the Grievance Committee's investigation of complaints against him.

Under the totality of the circumstances, the respondent is suspended from the practice of law for one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Jules Martin Mencher, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court,

the respondent, Jules Martin Mencher, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.